■ MASADA UNIVERSAL CORPORATION, Plaintiff and Third-Party Defendant-Respondent, v GOODMAN SYSTEM COMPANY, INC., Defendant and Third-Party Plaintiff-Appellant. MILTON A. TURNER et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants.—In an action, *inter alia,* to rescind a contract on the ground of fraud, the defendant third-party plaintiff appeals from an order of the Supreme Court, Westchester County (Edelstein, J.), dated February 14, 1985, which granted the motion of Masada Universal Corporation, Milton A. Turner and Thomas Manuel to dismiss the first through sixth causes of action asserted in the third-party complaint insofar as those causes of action are asserted against them.

Order affirmed, with costs.

Special Term erred in considering the documentary evi-

dence submitted in support of the motion to dismiss. The respondents first raised the documentary evidence defense (CPLR 3211 [a] [1]) in the motion to dismiss after service of the answer to the third-party complaint, and the defense was, therefore, waived (see, CPLR 3211 [e]). Further, Special Term did not give the parties adequate notice pursuant to CPLR 3211 (c) that the motion had been converted to one for summary judgment (see, Rich v Lefkovits, 56 NY2d 276, 281), and such evidence was therefore not properly before Special Term on the motion to dismiss.

Nevertheless, we conclude that the subject causes of action were properly dismissed. "[T]he sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (Guggenheimer v Ginzburg, 43 NY2d 268, 275). The pleadings here, however, do not satisfy this test for legal sufficiency. The first two causes of action, both of which are based in fraud, fail to allege specifically the content of the allegedly false representations, the fraudulent intent with which these representations were made, or any injury suffered as a proximate result of the fraudulent representations (see, CPLR 3016 [b]; cf. Glassman v Catli, 111 AD2d 744, 745-746). Thus, the third-party complaint clearly fails to set out a viable cause of action sounding in fraud. The third, fifth, and sixth causes of action similarly fail to state cognizable claims for breach of fiduciary duty since they do not allege the existence of a fiduciary obligation on the part of the movants. Finally, the fourth cause of action, insofar as it merely states an alternative claim for relief on the facts and legal theories alleged in the first and third causes of action, was also properly dismissed. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.