■ ROBERT L. FISHER, Appellant, v EQUICREDIT, Also Known as EQUICREDIT CORPORATION, et al., Respondents. [800 NYS2d 407]—

In an action, inter alia, for money had and received, and to recover damages for fraud, violation of Penal Law § 180.03, tortious interference with contract, inducement of breach of fiduciary duty, violation of General Business Law § 349, and unjust enrichment, arising from the payment by the defendant mortgage lender to a nonparty mortgage broker of a yield spread premium, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated May 21, 2004, which granted the defendants' motion for summary judgment dismissing the complaint and denied his cross motion for class certification.

Ordered that the order is affirmed, with costs.

The plaintiff retained nonparty mortgage broker Star 21 Funding (hereinafter Star) to procure a mortgage loan in the principal amount of $302,100 for his purchase of real property in Middle Island, in exchange for which the plaintiff would pay Star a 4% loan origination fee. In Star's agreement for mortgage broker services, which the plaintiff signed on January 3, 2001, Star advised that the "maximum premium consideration" it

would receive from a lender was two points. After his initial mortgage application was rejected by the defendant Equicredit, also known as Equicredit Corporation (hereinafter Equicredit), the plaintiff received a mortgage commitment from Equicredit for a mortgage loan in the principal amount of $302,100 at 9.95% interest.

The plaintiff and his wife took title to the subject real property on February 13, 2001. The plaintiff paid Star a 4% origination fee ($12,084). Star received from Equicredit a yield spread premium (hereinafter the YSP) of 2% of the loan amount ($6,042). The plaintiff contends that Equicredit paid the YSP to Star as a bribe to induce Star to obtain his agreement to a mortgage loan with an interest rate of 9.95%, which he contends was .7% over the par or market interest rate.

On December 6, 2001, Equicredit assigned its servicing rights to the defendant Fairbanks Capital Corp. (hereinafter Fairbanks). Equicredit's assignment of those servicing rights to Fairbanks became effective on April 1, 2002, approximately one month after the plaintiff, who sold the subject property, had satisfied the mortgage.

There is no merit to the plaintiff's claims relating to the legality or illegality of the YSPs (*see Wint v ABN Amro Mtge. Group, Inc.*, 19 AD3d 588 [decided herewith]).

For the reasons set forth in *Wint v ABN Amro Mtge. Group, Inc. (supra)*, the plaintiff's causes of action to recover damage for fraud and violation of Penal Law § 180.03 (*see* Penal Law § 180.03) were properly dismissed and the plaintiff's cross motion for class certification was properly denied.

For the reasons set forth in *Lum v New Century Mtge. Corp.* (19 AD3d 558 [decided herewith]), the plaintiff's causes of action for money had and received, and to recover damages for tortious interference with contract, inducement of breach of fiduciary duty, violation of General Business Law § 349, and unjust enrichment also were properly dismissed.

Further, the complaint was properly dismissed insofar as asserted against Fairbanks on the ground, inter alia, that Fairbanks did not become the servicing agent of Equicredit until after the plaintiff satisfied the subject mortgage.

The plaintiff's remaining contentions are without merit. Florio, J.P., Schmidt, Adams and Mastro, JJ., concur.