■ ELAINE LUM, Appellant, v NEW CENTURY MORTGAGE CORPORATION, Respondent. [800 NYS2d 408]—

In an action, inter alia, to recover damages for fraud, tortious interference with contract, inducement of breach of fiduciary duty, violation of General Business Law § 349, unjust enrichment, and money had and received, arising from the payment by the defendant mortgage lender to a nonparty mortgage broker of a yield spread premium, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated March 23, 2004, which granted the defendant's motion to dismiss the complaint, pursuant to CPLR 3211 (a) (1) and (7), for failure to state a cause of action and based on documentary evidence.

Ordered that the order is affirmed, with costs.

The plaintiff retained nonparty mortgage broker American Capital Mortgage Bankers (hereinafter American) to procure for her a $208,575 mortgage loan for her purchase of a single-family residence located in Mastic Beach, in exchange for which she would pay American a 2.875% origination fee. American thereafter procured a loan approval dated October 12, 2003, from the defendant for a mortgage loan in the principal amount of

$208,575, with a 30-year term at 7.9% interest, and providing for, inter alia, a 3% origination fee payable by the plaintiff. The plaintiff took title to the premises on October 27, 2003, with her purchase partially funded by the defendant's mortgage loan in the principal amount of $208,575, with a 30-year term at 6.9% interest. The plaintiff paid American a 2.875% origination fee for its services. In addition, the defendant paid American a yield spread premium (hereinafter the YSP) of .5% of the loan amount ($1,042.88). A few weeks after the closing, the plaintiff commenced this action, in which she is represented by the same counsel that represented her in the subject real estate transaction. The plaintiff's contention that the defendant paid American the YSP as a bribe to induce American to obtain her agreement to a mortgage loan with an interest rate above the par or market rate is without merit (*see Wint v ABN Amro Mgte. Group, Inc.*, 19 AD3d 588 [decided herewith]).

The plaintiff's complaint alleged that the defendant's motivation was economic in that it sought to obtain her agreement to a mortgage loan with an interest rate above the par or market rate, thereby increasing its profits over the life of the loan. Since the plaintiff failed to allege any other motivation for the defendant's actions, or to allege that it was motivated by malice, and since the act complained of was not fraudulent or illegal, the plaintiff's cause of action, alleging tortious interference with contract, was properly dismissed (*see Foster v Churchill*, 87 NY2d 744 [1996]; *WMW Mach. Co. v Koerber AG.*, 240 AD2d 400 [1997]).

The cause of action to recover damages for inducement of breach of fiduciary duty also was properly dismissed because the plaintiff failed to show that a fiduciary duty existed between her and American (*see Masada Universal Corp. v Goodman Sys. Co.*, 121 AD2d 518 [1986]; *cf. Langer v Haber Mtges., Ltd.*, NYLJ, Aug. 2, 1995, at 26, col 4).

To assert a viable claim under General Business Law § 349 (a), a plaintiff must plead that (1) the challenged conduct was consumer-oriented, (2) the conduct or statement was materially misleading, and (3) damages (*see Stutman v Chemical Bank*, 95 NY2d 24, 29 [2000]). Here, there was no materially misleading statement, as the record indicated that the YSP, which is not per se illegal, was disclosed to the plaintiff. Accordingly, the cause of action to recover damages for violation of General Business Law § 349 was properly dismissed (*see Sands v Ticketmaster-New York*, 207 AD2d 687 [1994]; *cf. Negrin v Norwest Mtge., Inc.*, 263 AD2d 39 [1999]).

The causes of action to recover damages for unjust enrich-

ment and money had and received are quasi-contract claims, and therefore are not viable where, as here, it is undisputed that the parties entered into an express agreement, in this case a note and mortgage. Accordingly, the issue of whether the YSP which is connected to the mortgage loan's interest rate was improper, is governed by the note and mortgage, and therefore, the plaintiff's quasi-contract claims were properly dismissed (*see Apfel v Prudential-Bache Sec.*, 81 NY2d 470, 479 [1993]; *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388-389 [1987]; *Neos v Lacey*, 2 AD3d 812, 814 [2003]).

Further, for the reasons set forth in *Wint v ABN Amro Mtge. Group, Inc. (supra)*, the plaintiff's cause of action to recover damages for fraud was properly dismissed.

The plaintiff's remaining contentions are without merit. Florio, J.P., Schmidt, Adams and Mastro, JJ., concur.