■ FERONA WINT, Appellant, v ABN AMRO MORTGAGE GROUP, INC., Respondent. [800 NYS2d 411]—

In an action, inter alia, for money had and received, and to recover damages for fraud, violation of Penal Law § 180.03, tortious interference with contract, inducing a breach of fiduciary duty, and unjust enrichment, arising from the payment by the defendant mortgage lender to a nonparty mortgage broker of a yield spread premium, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Werner, J.), dated March 10, 2004, which granted the defendant's motion pursuant to

CPLR 3211 (a) (7) to dismiss the first cause of action, to recover damages for fraud and violation of Penal Law § 180.03, and to dismiss the class action allegations set forth in the remaining causes of action, and denied her cross motion for class certification, and (2) an order of the same court dated July 13, 2004, which denied her motion pursuant to CPLR 3025 (b) for leave to serve a second amended complaint.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiff retained nonparty mortgage broker Cliffco, Inc. (hereinafter Cliffco), to procure a mortgage loan to fund, in part, the purchase of a single family residence located in Shirley, and in exchange, agreed to pay Cliffco 2% of the loan amount. Thereafter, Cliffco provided the plaintiff with two good faith estimates of the costs associated with the loan (hereinafter the GFEs), both dated November 5, 2001. The first is for a 30-year loan from the defendant in the sum of $159,300 with a 6.75% interest rate, and the second for a 30-year loan from the defendant in the sum of $138,000 with a 7.25% interest rate. On both GFEs, the line items which provide for the premium amount that the broker would receive from the lender indicated a zero dollar amount. However, under the signature lines of both GFEs was the provision, "[y]ield spread premium to broker" in an amount equal to 4% of the applicable loan amount. At the closing on May 20, 2002, Wint and her mother took title to the premises, with their purchase partially funded by a $138,000 loan from the defendant. Wint paid Cliffco the 2% origination fee for its services and the defendant paid Cliffco a yield spread premium (hereinafter the YSP) of 2.5% of the loan amount. The plaintiff contends that she had no knowledge of the YSP prior to the closing, and in any event, the YSP which the defendant paid to Cliffco was a bribe to induce Cliffco to obtain her agreement to a mortgage loan with an interest rate above the par or market rate.

We agree with the Supreme Court that the plaintiff's amended complaint and her proposed second amended complaint failed to plead fraud with sufficient specificity (see CPLR 3016 [b]). The plaintiff, inter alia, failed to allege any material misrepresentation by the defendant and/or a material omission it knew to be false (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]; Cohen v Houseconnect Realty Corp., 289 AD2d 277 [2001]).

Further, we agree with the Appellate Division, First Department, that no private right of action exists for a violation of Penal Law § 180.03 (see Sardanis v Sumitomo Corp., 279 AD2d 225 [2001]). To the extent that the decision of the Appellate

Division, Fourth Department, in *Niagara Mohawk Power Corp. v Freed* (265 AD2d 938 [1999]) is to the contrary, we decline to follow it.

For the reasons set forth in *Lum v New Century Mtge. Corp.* (19 AD3d 541 [decided herewith]) and *Fisher v Equicredit* (19 AD3d 541 [decided herewith]), the Supreme Court properly found that the remaining causes of action in the proposed second amended complaint also failed to state viable causes of action.

The Supreme Court properly denied the plaintiff's cross motion for class certification. Underlying all of the plaintiff's claims is her contention that the YSP paid to Cliffco was improper. However, in interpreting the Real Estate Settlement Procedures Act (12 USC § 2601 *et seq.* [hereinafter RESPA]) the Department of Housing and Urban Development, which is responsible for enforcing RESPA, has stated that YSPs are not per se illegal (64 Fed Reg 10080, 10081 [1999] [codified at 24 CFR part 3500]) and has devised a two-pronged test to determine whether a particular YSP conforms with RESPA. As federal courts addressing this issue have found, applying this test raises a question of fact that precludes class certification (*see* 66 Fed Reg 53052, 53054-53055 [2001] [codified in 24 CFR part 3500]; *Heimmermann v First Union Mtge. Corp.*, 305 F3d 1257, 1264 [2002], *cert denied* 539 US 970 [2003]; *Schuetz v Banc One Mtge. Corp.*, 292 F3d 1004, 1010-1011 [2002], *cert denied* 537 US 1171 [2003]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Schmidt, Adams and Mastro, JJ., concur.