■ JAMES SHOVAK, Respondent, v LONG ISLAND COMMERCIAL BANK, Appellant. [829 NYS2d 546]—

In a proposed class action by individual borrowers, inter alia, to recover damages for breach of fiduciary duties, the defendant appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered December 1, 2005, as granted those branches of the plaintiff's motion which were to certify the case as a class action pursuant to CPLR 902 and to dismiss the tenth affirmative defense asserting ratification pursuant to CPLR 3211 (b), and (2), by permission, from so much of an order of the same court dated January 31, 2006 as granted that branch of the plaintiff's oral application which was to vacate the automatic stay of discovery in effect pursuant to CPLR 3214 (b).

Ordered that the order entered December 1, 2005, is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting that branch of the plaintiff's motion which was to certify the case as a class action pursuant to CPLR 902, and substituting therefor a provision denying that branch

of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the order dated January 31, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff commenced this action against the defendant mortgage broker alleging that a yield spread premium paid to the defendant by the nonparty lender was a kickback in exchange for the defendant procuring an interest rate on the plaintiff's loan higher than the lender's market or par rate. He asserted causes of action alleging breach of fiduciary duty, money had and received, unjust enrichment, and violations of General Business Law § 349 and Penal Law § 180.08. The plaintiff moved, inter alia, for class certification pursuant to CPLR 902 on behalf of a class of individual borrowers who retained the defendant as a mortgage broker within six years of commencement of the action for the purpose of procuring a residential mortgage loan, and where a yield spread premium was paid by the lender to the defendant. In an order entered December 1, 2005 class certification was granted.

Thereafter, on January 26, 2006, the defendant moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint. At a court appearance on January 31, 2006 the court granted the plaintiff's oral application to vacate the automatic stay of discovery which was in effect pursuant to CPLR 3214 (b) as a result of the pending motion to dismiss.

The Supreme Court improvidently exercised its discretion in certifying a class action. The plaintiff failed to establish that common questions of fact existed that predominate over individual questions (see CPLR 901 [a]; 902). This Court has recently concluded, under virtually indistinguishable circumstances, that the two-pronged test promulgated by the Department of Housing and Urban Development (hereinafter HUD) to determine if a yield spread premium was a kickback or bribe under the Real Estate Settlement Procedures Act was applicable to State actions asserting causes of action, inter alia, alleging breach of fiduciary duty, money had and received, and violations of General Business Law § 349 and Penal Law § 180.08 (see Wint v ABN Amro Mtge. Group, Inc., 19 AD3d 588 [2005]; Lum v New Century Mtge. Corp., 19 AD3d 558 [2005]; Fisher v Equicredit, 19 AD3d 541 [2005]; see also 66 Fed Reg 53052, 53054-53055 [2001]; 64 Fed Reg 10080, 10081-10084 [1999]). Since a determination under HUD's two-pronged test as to whether a yield spread premium constitutes reasonable compensation is an individualized, fact-intensive analysis, class

certification is precluded under the circumstances of this case (*see* 66 Fed Reg 53052, 53054-53055 [2001]; *Bjustrom v Trust One Mtge. Corp.*, 322 F3d 1201, 1206-1209 [2003]; *O'Sullivan v Countrywide Home Loans, Inc.*, 319 F3d 732 [2003]; *Heimmermann v First Union Mtge. Corp.*, 305 F3d 1257, 1264 [2002], *cert denied* 539 US 970 [2003]; *Schuetz v Banc One Mtge. Corp.*, 292 F3d 1004, 1010-1011 [2002], *cert denied* 537 US 1171 [2003]).

However, the Supreme Court providently exercised its discretion in granting the plaintiff's application to vacate the automatic stay of discovery (*see* CPLR 3214 [b]; *Reilly v Oakwood Hgts. Community Church*, 269 AD2d 582 [2000]).

The defendant's remaining contentions are without merit or have been rendered academic as a result of our determination in a decision and order on motion dated December 26, 2006 on the plaintiff's motion made on appeal.

Motion by the respondent on appeals from an order of the Supreme Court, Nassau County, entered December 1, 2005, and an order of the same court dated January 31, 2006, inter alia, to strike pages 248 through 327 of the record on appeal on the ground that those pages contain matter dehors the record, to strike the appellant's brief or those pages of the brief which refer to or quote material contained in pages 248 through 327 of the record on appeal, and to dismiss the appeal from the order dated January 31, 2006 on the ground that the order is not appealable as of right and leave to appeal has not been granted. Motion by the appellant for leave to appeal from the order dated January 31, 2006. By decision and order on motion of this Court dated June 13, 2006 those branches of the respondent's motion which were to strike certain material from the record and the appellant's brief, and to dismiss the appeal from the order dated January 31, 2006, and the motion by the appellant for leave to appeal from the order dated January 31, 2006 were referred to the Justices hearing the appeals for determination upon the argument or submission of the appeals.

Upon the papers filed in support of the motions and the papers filed in opposition or relation thereto, and upon the arguments of the appeals, it is

Ordered that those branches of the respondent's motion which are to strike stated portions of the record on appeal and the appellant's brief are granted, pages 248 through 327 of the record on appeal and those portions of the appellant's brief which refer to or quote material contained in pages 248 through 327 are stricken and have not been considered in the determination of the appeals, and the respondent's motion is otherwise denied; and it is further,

Ordered that the motion for leave to appeal from the order dated January 31, 2006 is granted. Miller, J.P., Rivera, Skelos and Lunn, JJ., concur.