■ James Shovak, Respondent, v Long Island Commercial Bank, Appellant. [858 NYS2d 660]—

In an action for money had and received and to recover damages for breach of fiduciary duty, violation of General Business Law § 349, and unjust enrichment, the defendant appeals from an order of the Supreme Court, Nassau County (Woodard, J.), entered September 4, 2007, which denied its motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) and granted the plaintiff's cross motion for leave to amend the complaint to add a cause of action alleging fraud and a demand for punitive damages.

Ordered that the order is reversed, on the law, with costs, the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) is granted, and the plaintiff's cross motion for leave to amend the complaint is denied.

The plaintiff and the defendant entered into a written agreement by which the defendant agreed to act as mortgage broker for the plaintiff. For procuring a mortgage loan for the plaintiff, the defendant was to receive a fee from the plaintiff in an amount equal to one point on the loan. The written agreement between the plaintiff and the defendant established that the defendant would be eligible to receive a premium based on the interest rate of the loan, and that the maximum consideration the defendant would receive from the mortgage lender would be two points. With the defendant's assistance, the plaintiff obtained a mortgage loan from a nonparty mortgage lender. The HUD-1 settlement statement executed by the plaintiff at the closing disclosed that a "yield spread premium" of $6,000, or two points on the loan, would be paid by the lender to the defendant. The plaintiff claims, inter alia, that the yield spread premium constituted a "bribe" or "kickback" in exchange for the defendant obtaining the plaintiff's agreement to enter into a mortgage with an interest rate above the "par" or "market" rate.

To assert a viable claim under General Business Law § 349 (a), a plaintiff must plead (1) that the challenged conduct was consumer-oriented, (2) that the conduct or statement was materially misleading, and (3) damages (*Lum v New Century*

*Mtge. Corp.*, 19 AD3d 558, 559 [2005]; *see Stutman v Chemical Bank*, 95 NY2d 24, 29 [2000]). Here, as was the case in *Lum*, there was no materially misleading statement, as the record indicated that the yield spread premium, which is not per se illegal, was fully disclosed to the plaintiff. Accordingly, the defendant was entitled to dismissal of the cause of action alleging a violation of General Business Law § 349 (a) (*see Lum v New Century Mtge. Corp.*, 19 AD3d at 559; *see also Wint v ABN Amro Mtge. Group, Inc.*, 19 AD3d 588, 590 [2005]; *Fisher v Equicredit*, 19 AD3d 541, 542 [2005]).

The Supreme Court should also have granted that branch of the defendant's motion which was to dismiss the cause of action to recover damages for breach of fiduciary duty. The plaintiff failed to show that a fiduciary relationship existed between him and the defendant (*see Lum v New Century Mtge. Corp.*, 19 AD3d at 559; *see also Masada Universal Corp. v Goodman Sys. Co.*, 121 AD2d 518 [1986]; *see generally EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11 [2005]; *cf. Langer v Haber Mtges., Ltd.*, NYLJ, Aug. 2, 1995, at 26, col 4).

"The causes of action to recover damages for unjust enrichment and money had and received are quasi-contract claims, and therefore are not viable where, as here, it is undisputed that the parties entered into an express agreement" (*see Lum v New Century Mtge. Corp.*, 19 AD3d at 559-560). Accordingly, the issue of whether the yield spread premium was improper is governed by the agreement, and therefore, the defendant was entitled to dismissal of the plaintiff's quasi-contract claims (*id.* at 559-560).

Leave to amend a complaint is to be freely granted, provided that the proposed amendment does not prejudice or surprise the defendant, is not patently devoid of merit, and is not palpably insufficient (*see* CPLR 3025 [b]; *Pellegrini v Richmond County Ambulance Serv., Inc.*, 48 AD3d 436 [2008]; *AYW Networks v Teleport Communications Group*, 309 AD2d 724, 725 [2003]). With regard to the plaintiff's proposed fraud cause of action, "[t]he essential elements of a cause of action sounding in fraud are a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (*Orlando v Kukielka*, 40 AD3d 829, 831 [2007]; *see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]). The plaintiff failed to allege a material omission of fact which was false and which the defendant knew to be false. With regard to the plaintiff's proposed demand for punitive

damages, "[a]n award of punitive damages is warranted where the conduct of the party being held liable 'evidences a high degree of moral culpability, or where the conduct is so flagrant as to transcend mere carelessness, or where the conduct constitutes willful or wanton negligence or recklessness' " (*Pellegrini v Richmond County Ambulance Serv., Inc.*, 48 AD3d 436, 437 [2008], quoting *Buckholz v Maple Garden Apts., LLC*, 38 AD3d 584, 585 [2007]). The defendant's conduct, as alleged by the plaintiff, did not evidence a high degree of moral culpability, was not so flagrant as to transcend mere carelessness, and did not constitute willful or wanton negligence or recklessness. Accordingly, the Supreme Court improvidently exercised its discretion in granting the plaintiff's cross motion for leave to amend his complaint to add a cause of action alleging fraud and a demand for punitive damages.

In light of our determination, we need not reach the defendant's remaining contention. Miller, J.P., Dillon, McCarthy and Chambers, JJ., concur. [*See* 2007 NY Slip Op 32760(U).]