■ EMIGRANT MORTGAGE COMPANY, INC., Appellant, v LINDA FITZPATRICK, Also Known as LINDA J. FITZPATRICK, Respondent, et al., Defendants. [945 NYS2d 697]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated August 11, 2010, as denied that branch of its motion which was for summary judgment dismissing the affirmative defenses of the defendant Linda Fitzpatrick, also known as Linda J. Fitzpatrick.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment dismissing the affirmative defenses of the defendant Linda Fitzpatrick, also known as Linda J. Fitzpatrick, is granted.

The defendant Linda Fitzpatrick, also known as Linda J. Fitzpatrick (hereinafter Fitzpatrick), received an asset-based loan from the plaintiff, based upon the equity in her home. The plaintiff commenced this action after Fitzpatrick defaulted on her monthly repayments for the subject loan. In her verified answer, Fitzpatrick asserted, as a first affirmative defense, that the subject loan was unconscionable and, as a second affirmative defense, that the plaintiff engaged in deceptive business practices in violation of General Business Law § 349 when it issued the subject loan. The plaintiff moved, inter alia, for summary judgment dismissing these affirmative defenses, and the Supreme Court denied its motion. The plaintiff appeals, and we reverse the order insofar as appealed from.

"In general, an unconscionable contract has been defined as one which is so grossly unreasonable as to be unenforcible because of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreason-

ably favorable to the other party" (*King v Fox*, 7 NY3d 181, 191 [2006]; *see Gillman v Chase Manhattan Bank*, 73 NY2d 1, 10 [1988]; *Simar Holding Corp. v GSC*, 87 AD3d 688, 689 [2011]; *FGH Contr. Co. v Weiss*, 185 AD2d 969, 970-971 [1992]). This definition has been broken down into two elements: procedural and substantive unconscionability (*see Gillman v Chase Manhattan Bank*, 73 NY2d at 10; *Simar Holding Corp. v GSC*, 87 AD3d at 689; *Gendot Assoc., Inc. v Kaufold*, 56 AD3d 421, 423 [2008]; *Matter of Friedman*, 64 AD2d 70, 84-85 [1978]).

"Substantive elements of unconscionability appear in the content of the contract per se; procedural elements must be identified by resort to evidence of the contract formation process" and meaningfulness of the choice (*Matter of Friedman*, 64 AD2d at 85; *see Gillman v Chase Manhattan Bank*, 73 NY2d at 10-11; *Simar Holding Corp. v GSC*, 87 AD3d at 689). " 'Examples of unreasonably favorable contractual provisions are virtually limitless but include inflated prices, unfair termination clauses, unfair limitations on consequential damages and improper disclaimers of warranty' " (*Simar Holding Corp. v GSC*, 87 AD3d at 690, quoting *State of New York v Wolowitz*, 96 AD2d 47, 67-68 [1983]; *see Matter of Friedman*, 64 AD2d at 85). With respect to procedural unconscionability, examples include, but are not limited to, " 'high pressure commercial tactics, inequality of bargaining power, deceptive practices and language in the contract, and an imbalance in the understanding and acumen of the parties' " (*Simar Holding Corp. v GSC*, 87 AD3d at 689-690, quoting *State of New York v Wolowitz*, 96 AD2d at 67; *see Gillman v Chase Manhattan Bank*, 73 NY2d at 10-11; *Matter of Friedman*, 64 AD2d at 85). "[I]n general, it can be said that procedural and substantive unconscionability operate on a 'sliding scale'; the more questionable the meaningfulness of choice, the less imbalance in a contract's terms should be tolerated and vice versa" (*State of New York v Wolowitz*, 96 AD2d at 68, quoting Eddy, *On the "Essential" Purposes of Limited Remedies: The Metaphysics of UCC Section 2-719[2]*, 65 Cal L Rev 28, 41-42, n 56 [1977]; *see Simar Holding Corp. v GSC*, 87 AD3d at 690).

" 'The determination of unconscionability is a matter of law for the court to decide' " (*Simar Holding Corp. v GSC*, 87 AD3d at 690, quoting *Industralease Automated & Scientific Equip. Corp. v R. M. E. Enters.*, 58 AD2d 482, 488 [1977]; *see Laidlaw Transp. v Helena Chem. Co.*, 255 AD2d 869, 870 [1998]; *State of New York v Wolowitz*, 96 AD2d at 68). "Where the significant facts germane to the unconscionability issue are essentially undisputed, the court may determine the issue without a hear-

ing" (*Scott v Palermo*, 233 AD2d 869, 870 [1996]; *see Simar Holding Corp. v GSC*, 87 AD3d at 690).

Here, the plaintiff lender proffered documentary evidence establishing that Fitzpatrick, the defendant borrower, was fully informed as to the terms of the subject asset-based loan, and, in particular, was aware of the fact that the plaintiff would not be independently verifying her income before issuing the subject loan. Specifically, the plaintiff submitted copies of the mortgage and note, as well as a resource letter and high-equity loan certificate, which informed Fitzpatrick that the subject loan was being issued based primarily upon the equity in her home, her annual income would not be verified by the plaintiff, and the plaintiff was relying upon Fitzpatrick's representations as to her ability to repay the subject loan. Fitzpatrick signed each document. In opposition, Fitzpatrick set forth no evidence regarding her education, financial status, or access to legal or financial counsel, the availability of other types of loans or loans of a lesser amount, or any deception or high pressure tactics utilized by the plaintiff. Moreover, she did not offer evidence relating to the industry standards for residential loans at the time the subject loan was issued. In addition, the plaintiff correctly notes that, contrary to the Supreme Court's determination that the plaintiff's possible violations of the restrictions and limitations placed on subprime and high-cost loans by the Banking Law create a triable issue of fact on the issue of unconscionability, the subject loan, issued on April 9, 2008, does not fall under the purview of Banking Law § 6-m (4), which applies only to subprime and high-cost loans issued on or after September 1, 2008 (*see* Banking Law § 6-m [4], as added by L 2008, ch 472). Accordingly, Fitzpatrick failed to raise a triable issue of fact regarding the unconscionability of the subject loan, and the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment dismissing the first affirmative defense (*see Gillman v Chase Manhattan Bank*, 73 NY2d at 10; *Simar Holding Corp. v GSC*, 87 AD3d at 689; *Gendot Assoc., Inc. v Kaufold*, 56 AD3d at 423; *Hayes v County Bank*, 26 AD3d 465, 466-467 [2006]; *State of New York v Wolowitz*, 96 AD2d at 67-68; *Matter of Friedman*, 64 AD2d at 84-85).

Section 349 (a) of the General Business Law declares as unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state" (General Business Law § 349 [a]). Although the statute is "directed at wrongs against the consuming public" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland*

*Bank*, 85 NY2d 20, 24 [1995]), it allows a private right of action by any person who has been injured by a violation of the section (*see* General Business Law § 349 [h]). "To assert a viable claim under General Business Law § 349 (a), a plaintiff must plead that (1) the challenged conduct was consumer-oriented, (2) the conduct or statement was materially misleading, and (3) [he or she sustained] damages" (*Lum v New Century Mtge. Corp.*, 19 AD3d 558, 559 [2005]; *see Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc.*, 3 NY3d 200, 205-206 [2004]; *Stutman v Chemical Bank*, 95 NY2d 24, 29 [2000]; *Gaidon v Guardian Life Ins. Co. of Am.*, 94 NY2d 330, 344 [1999]).

Here, the plaintiff's evidence established that Fitzpatrick was presented with clearly written documents describing the terms of the subject loan and alerting her to the fact the plaintiff would not independently verify her income. Such evidence established its prima facie entitlement to judgment as a matter of law dismissing the second affirmative defense. In opposition, Fitzpatrick failed to proffer any evidence sufficient to raise a triable issue of fact as to whether the plaintiff made any materially misleading statements or committed any misconduct with respect to the subject loan (*see Ladino v Bank of Am.*, 52 AD3d 571, 574 [2008]; *cf. Shovak v Long Is. Commercial Bank*, 50 AD3d 1118, 1120 [2008]; *Lum v New Century Mtge. Corp.*, 19 AD3d at 559). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment dismissing the second affirmative defense. Angiolillo, J.P., Lott, Roman and Miller, JJ., concur. **[Prior Case History: 29 Misc 3d 746.]**