In January 2007, the decedent, Freddie Williams, refinanced his home through Beneficial Homeowner Service Corporation (hereinafter Beneficial). At the closing, he also filled out an application for a mortgage life insurance policy through First Central National Life Insurance Company of New York (hereinafter First Central). A notice provided to the decedent at the closing stated: “If your application is approved, your insurance is effective on the date of your application. Within 30 days of the date of your application, subject to receipt of satisfactory evidence of insurability, a certificate of insurance will be delivered to you. Your application is considered approved upon receipt of your certificate of insurance ... If your application is not approved any premium you paid will be refunded to you or credited to your account. Insurance benefits summarized below will apply only if your application for insurance is approved” (emphasis added). Beneficial and First Central are subsidiaries of HSBC Finance Corporation (hereinafter HSBC).
The decedent answered “no” on his insurance application *714 when asked if he had ever been diagnosed with any of 12 specific medical conditions, even though he had in fact been diagnosed with several of those conditions. When First Central checked the decedent’s name in a database used by insurance companies, it discovered that the decedent may have withheld information about his health. First Central sent him several letters seeking additional health-related information, but the decedent did not respond. Accordingly, no certificate of insurance was ever issued to the decedent, although premiums were collected. The decedent died on July 2, 2007.
Upon the decedent’s death, First Central denied that a life insurance policy was in effect. When no mortgage payments were made following the decedent’s death, Beneficial commenced the instant action to foreclose the mortgage against, among others, the decedent’s widow, the defendant Nola Williams (hereinafter the appellant), in her capacity as the decedent’s heir. The appellant counterclaimed against Beneficial, and commenced a third-party action against First Central and HSBC, alleging, inter alia, breach of fiduciary duty and violation of General Business Law § 349.
The property has since been sold and the foreclosure action discontinued. The plaintiff moved for summary judgment dismissing the appellant’s counterclaims, and the third-party defendants moved for summary judgment dismissing the third-party complaint.
The third-party defendants established, prima facie, that no insurance coverage was ever in effect, and the appellant failed to raise a triable issue of fact in opposition. With respect to the appellant’s allegations that the third-party defendants breached a fiduciary duty to the appellant based upon their handling of the decedent’s insurance premiums, the third-party defendants established, prima facie, that, since the premiums were returned to the appellant, the appellant sustained no damages (see Guarino v North Country Mtge. Banking Corp., 79 AD3d 805, 807 [2010]). Further, Beneficial established, prima facie, that it owed no fiduciary duty to the appellant (see Baumann v Hanover Community Bank, 100 AD3d 814, 817 [2012]). In response, the appellant failed to raise a triable issue of fact.
A cause of action to recover damages pursuant to General Business Law § 349 has “three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act” (Stutman v Chemical Bank, 95 NY2d 24, 29 [2000]). Here, the plaintiff and the third-party defendants established prima facie that the *715 terms of the insurance application were fully disclosed, and no materially misleading statement was made (see Shovak v Long Is. Commercial Bank, 50 AD3d 1118, 1120 [2008]; Lum v New Century Mtge. Corp., 19 AD3d 558, 559 [2005]). In opposition, the appellant failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the third-party defendants’ motion for summary judgment dismissing the third-party complaint and granted those branches of the plaintiffs motion which were for summary judgment dismissing the appellant’s third and eighth counterclaims.
The appellant’s remaining contentions are without merit. Skelos, J.P., Lott, Cohen and Hinds-Radix, JJ., concur.
Motion by the third-party defendants-respondents to dismiss an appeal from an order of the Supreme Court, Orange County, dated April 5, 2012, on the ground that the appellant waived her right to appeal by accepting the benefit of the order dated April 5, 2012, without restriction. By decision and order on motion of this Court dated March 19, 2013, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
Ordered that the motion is denied. Skelos, J.E, Lott, Cohen and Hinds-Radix, JJ., concur.