DISA REALTY, INC., Appellant, v KISHOR RAO, Also Known as KISHOR K. RAO, Respondent, et al., Defendants. [25 NYS3d 677]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), dated March 26, 2013, as denied those branches of its motion which were for summary judgment on the complaint, to dismiss the counterclaim of the defendant Kishor Rao, and

to appoint a referee to compute and report the amount due the plaintiff pursuant to RPAPL 1321.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was to dismiss the counterclaim of the defendant Kishor Rao, and substituting therefor a provision granting that branch of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action to foreclose on a purchase money mortgage it holds on commercial property purchased from the plaintiff by the defendant Kishor Rao (hereinafter the defendant). The defendant asserted a number of affirmative defenses and a counterclaim based on General Business Law § 349. The plaintiff moved, inter alia, for summary judgment on the complaint and to dismiss the defendant's counterclaim. The Supreme Court denied the plaintiff's motion in its entirety.

The plaintiff established its prima facie entitlement to a judgment of foreclosure as a matter of law by proffering the relevant loan documents and evidence that the defendant defaulted on payments (*see e.g. Emigrant Funding Corp. v Agard*, 121 AD3d 935, 936 [2014]; *KeyBank N.A. v Chapman Steamer Collective, LLC*, 117 AD3d 991, 992 [2014]). In opposition, the defendant submitted an affidavit and supporting documents which raised triable issues of fact as to whether the defendant had, in fact, defaulted in his monthly mortgage payments (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). These issues of fact were not resolved by the affidavit submitted by the plaintiff in reply.

"[A] motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (*LeBlanc v Skinner*, 103 AD3d 202, 212 [2012] [internal quotation marks and citations omitted]; *see Pavane v Marte*, 109 AD3d 970, 972 [2013]). On this record, with the facts in dispute and the credibility of the parties sharply at issue, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the complaint (*see Pavane v Marte*, 109 AD3d at 972).

However, the court should have granted that branch of the plaintiff's motion which was to dismiss the defendant's counterclaim alleging that the plaintiff engaged in deceptive business practices in violation of General Business Law § 349

when it issued the subject loan. General Business Law § 349 (a) declares as unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." "Although [section 349 (a)] is 'directed at wrongs against the consuming public', it allows a private right of action by any person who has been injured by a violation of the section" (*Emigrant Mtge. Co., Inc. v Fitzpatrick*, 95 AD3d 1169, 1171-1172 [2012] [citations omitted]).

"To assert a viable claim under General Business Law § 349 (a), a [party] must plead that (1) the challenged conduct was consumer-oriented, (2) the conduct or statement was materially misleading, and (3) [he or she sustained] damages" (*Lum v New Century Mtge. Corp.*, 19 AD3d 558, 559 [2005]; *see Emigrant Mtge. Co., Inc. v Fitzpatrick*, 95 AD3d at 1172). Even assuming that the "challenged conduct" in the context of a purchase money mortgage made on commercial real estate can be said to be consumer-oriented, the defendant's counterclaim fails as a matter of law.

The plaintiff's evidence established that the defendant was presented with clearly written documents describing the terms of the subject loan (*see Emigrant Mtge. Co., Inc. v Fitzpatrick*, 95 AD3d at 1172), and establishing that "there was no materially misleading statement" (*Shovak v Long Is. Commercial Bank*, 50 AD3d 1118, 1120 [2008]). Such evidence established the plaintiff's prima facie entitlement to judgment as a matter of law dismissing the defendant's counterclaim (*see Emigrant Mtge. Co., Inc. v Fitzpatrick*, 95 AD3d at 1172). In opposition, the defendant failed to proffer any evidence sufficient to raise a triable issue of fact as to whether the plaintiff made any materially misleading statements or committed any misconduct with respect to the subject loan (*see id.*).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Hall, Roman and Duffy, JJ., concur.