Disa Realty, Inc. v Rao (2019 NY Slip Op 00588)





Disa Realty, Inc. v Rao


2019 NY Slip Op 00588


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-06948
 (Index No. 10206/12)

[*1]Disa Realty, Inc., respondent, 
v
Kishor Rao, etc., appellant, et al., defendant.


Kishor Rao, Ozone Park, NY, appellant pro se.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kishor Rao appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (David Elliot, J.), entered June 8, 2016. The order and judgment of foreclosure and sale, inter alia, upon an order of the same court entered July 24, 2013, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Kishor Rao and dismissing that defendant's 1st through 15th affirmative defenses and 16th affirmative defense/1st counterclaim, and for an order of reference, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, denied that branch of that defendant's cross motion which was to reject the referee's report, denied, in effect, as academic, that branch of that defendant's cross motion which was to consolidate this action with an action entitled Disa Realty, Inc. v Rao, pending in the same court under Index No. 9880/12, confirmed the referee's report, and directed the sale of the subject property in one parcel.
ORDERED that the order and judgment of foreclosure and sale is modified, on the law, (1) by deleting the provision thereof confirming the referee's report and directing the sale of the subject property in one parcel, and substituting therefor a provision rejecting the referee's report, (2) by deleting the provision thereof granting those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and substituting therefor a provision denying those branches of the plaintiff's motion, (3) by deleting the provision thereof denying that branch of the cross motion of the defendant Kishor Rao which was to reject the referee's report, and substituting therefor a provision granting that branch of the cross motion, and (4) by deleting the provision thereof denying, in effect, as academic, that branch of that defendant's cross motion which was to consolidate this action with an action entitled Disa Realty, Inc. v Rao, pending in the same court under Index No. 9880/12; as so modified, the order and judgment of foreclosure and sale is affirmed, with costs payable to the defendant Kishor Rao, the 1st through 15th affirmative defenses of the defendant Kishor Rao are reinstated, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and dismissing the 1st through 15th affirmative defenses, and for an order of reference are denied, the order entered July 24, 2013, is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for a determination on the merits of that branch of the cross motion of the defendant Kishor Rao which was to consolidate this action with an action entitled Disa Realty, Inc. v Rao, pending in the same court under Index No. 9880/12.
The plaintiff commenced this action to foreclose a mortgage on property located at [*2]107-07 Liberty Avenue in Ozone Park, Queens (hereinafter the subject property), which had been purchased by the defendant Kishor Rao from nonparty mortgagor Lakeram Indal. Rao also owns an adjacent property, located at 107-05 Liberty Avenue, which was the subject of a separate mortgage foreclosure action by the same plaintiff against Rao and others based on substantially identical loan documents (hereinafter the 107-05 action).
Pursuant to an assumption agreement entered into by the plaintiff, Rao, and Indal, dated June 12, 2009, Rao, with the plaintiff's express consent, assumed Indal's obligations under the loan documents previously executed by Indal and the plaintiff when Indal initially purchased the subject property in late 2008. In his answer, Rao asserted a number of affirmative defenses, including one denominated as the "sixteen[th] affirmative defense/first counterclaim," which was predicated on General Business Law § 349 (hereinafter the counterclaim).
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Rao and dismissing Rao's 1st through 15th affirmative defenses and the counterclaim, and for an order of reference. In an order entered July 24, 2013, the Supreme Court, among other things, granted those branches of the plaintiff's motion. Subsequently, the plaintiff moved, inter alia, to confirm the referee's report, and Rao cross-moved, among other things, to consolidate this action with the 107-05 action. In an order and judgment of foreclosure and sale (one paper) entered June 8, 2016, the court, inter alia, confirmed the referee's report and directed the sale of the subject property and denied, in effect, as academic, that branch of Rao's cross motion which was for an order of consolidation. Rao appeals.
In the 107-05 action, the Supreme Court denied those branches of a motion by the plaintiff which were for summary judgment on the complaint insofar as asserted against Rao and to dismiss his counterclaim based on General Business Law § 349. The plaintiff appealed, and this Court modified the order appealed from by deleting the provision thereof denying that branch of the plaintiff's motion which was to dismiss the counterclaim, and substituting therefor a provision granting that branch of the motion. The order was otherwise affirmed insofar as appealed from (see Disa Realty, Inc. v Rao, 137 AD3d 740).
Here, as in the 107-05 action, the plaintiff established its prima facie entitlement to a judgment of foreclosure as a matter of law by proffering the relevant loan documents and evidence that Rao defaulted on payments (see id. at 741). In opposition, Rao submitted the same affidavit and supporting documents as he did in the 107-05 action, which raised triable issues of fact as to whether Rao had, in fact, defaulted in his monthly mortgage payments (see id.; see also Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d 557, 562). Here, as in the 107-05 action, these issues of fact were not resolved by the affidavit submitted by the plaintiff in reply (see Disa Realty, Inc. v Rao, 137 AD3d at 741).
On this record—which, in its material facts, is identical to the one before us on the appeal in the 107-05 action—the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Rao and dismissing Rao's 1st through 15th affirmative defenses, and for an order of reference, as the facts are in dispute and the credibility of the parties is sharply at issue (see id.; Pavane v Marte, 109 AD3d 970, 972; LeBlanc v Skinner, 103 AD3d 202, 212).
Rao further contends that the Supreme Court erred in granting that branch of the plaintiff's motion which was for summary judgment dismissing the counterclaim. We disagree. "Although [General Business Law § 349(a)] is directed at wrongs against the consuming public, it allows a private right of action by any person who has been injured by a violation of the section" (Emigrant Mtge. Co., Inc. v Fitzpatrick, 95 AD3d 1169, 1171-1172 [internal quotation marks omitted]; see Disa Realty, Inc. v Rao, 137 AD3d at 741-742). "To assert a viable claim under General Business Law § 349(a), a [party] must plead that (1) the challenged conduct was consumer-oriented, (2) the conduct or statement was materially misleading, and (3) [he or she sustained] damages" (Lum v New Century Mtge. Corp., 19 AD3d 558, 559; see Disa Realty, Inc. v Rao, 137 AD3d at 741-742; Emigrant Mtge. Co., Inc. v Fitzpatrick, 95 AD3d at 1172).
Here, the counterclaim alleged, in conclusory fashion, that the plaintiff "engaged in a misleading act in the extension of the subject loan" to Rao because "the plaintiff knew, or should have known, [that Rao] could not afford to repay" the loan. As in the 107-05 action, the evidence submitted by the plaintiff in support of its motion demonstrated that Rao was presented with clearly written documents describing the terms of the subject loan, and that there was no materially misleading statement. Such evidence established the plaintiff's prima facie entitlement to judgment as a matter of law dismissing the counterclaim (see Disa Realty, Inc. v Rao, 137 AD3d at 742; Emigrant Mtge. Co., Inc. v Fitzpatrick, 95 AD3d at 1172).
In opposition, Rao's affidavit failed to raise a triable issue of fact. Specifically, Rao averred only that Indal and the plaintiff's president, Rodolfo Amarain, "made false representations about the [subject property's] income and expenses," and that Rao "purchased the [subject property] and assumed [Indal's] mortgage based upon [Amarain's and Indal's] false representations about the income and expenses regarding the [subject property]." These self-serving allegations are inconsistent, however, with the terms of the contract of sale entered into between Rao and Indal, which made clear that Rao had an opportunity to inspect and investigate the subject property and was "entering into this contract based solely upon such inspection and investigation and not upon any information, data, statements or representations, written or oral, as to the physical conditions, state of repair, use, cost of operation or any other matter related to the [subject property]." In any event, the alleged misrepresentations complained of were specific to the subject property and, thus, do not constitute consumer-oriented conduct falling within the ambit of General Business Law § 349 (see Yellow Book Sales & Distrib. Co., Inc. v Hillside Van Lines, Inc., 98 AD3d 663, 665; Canario v
Gunn, 300 AD2d 332, 333). Therefore, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for summary judgment dismissing the counterclaim.
In light of our determination, that branch of Rao's cross motion which was to consolidate this action with the 107-05 action is no longer academic. Since the instant record is insufficient to allow us to make an informed determination in the first instance, we remit the matter to the Supreme Court, Queens County, for a determination on the merits of that branch of the cross motion.
Rao's remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and LASALLE, JJ., concur.

2016-06948 DECISION & ORDER ON MOTION
Disa Realty, Inc., respondent, v Kishor Rao, etc.,
appellant, et al., defendant.
(Index No. 10206/12)

Motion by the respondent, inter alia, to strike the appellant's brief on an appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County, entered June 8, 2016, on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated May 4, 2017, that branch of the motion which is to strike the appellant's brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to strike the appellant's brief on the ground that it refers to matter dehors the record is granted to the extent that Points I, III(A)-(C) [*3]and (E)-(P), IV, and V are stricken and have not been considered in the determination of the appeal, and that branch of the motion is otherwise denied.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court