# Wilmington Sav. Fund Socy., FSB v MSPK Constr. LLC

## 2025 NY Slip Op 32587(U)

### July 22, 2025

### Supreme Court, Dutchess County

### Docket Number: Index No. 2024-52530

### Judge: Maria G. Rosa

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

Present:

Hon. Maria G. Rosa, Justice

---

WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT
IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS
OWNER TRUSTEE OF MFA 2022-RTL1 TRUST,

              Plaintiff / Counterclaim-Defendant,

-against-

MSPK CONSTRUCTION LLC; MAURICE P. PEARCE;
and ELIZABETH A. CARELA;

              Defendants / Counterclaim-Plaintiffs.

DECISION AND ORDER

Index No.: 2024-52530

Motion Sequence: 4

---

The following papers were read and considered on Plaintiff / Counterclaim-Defendant's ("Plaintiff") motion to dismiss the counterclaims asserted by Defendants / Counterclaim-Plaintiffs ("Defendants"):

| Document: | NYSCEF Doc. No(s).: |
|---|---|
| NOTICE OF MOTION | 71 |
| ATTORNEY AFFIRMATION IN SUPPORT | 72 |
| PLAINTIFF AFFIDAVIT IN SUPPORT (EXHIBIT A) | 73 |
| EXHIBITS B–C | 74–75 |
| MEMORANDUM OF LAW | 76 |
| OPPOSITION ATTORNEY AFFIRMATION | 82 |
| OPPOSITION MEMORANDUM OF LAW | 83 |
| REPLY ATTORNEY AFFIRMATION | 84 |
| PLEADINGS | 1–7, 20, 21 |

This was originally an action to foreclose a commercial mortgage given by Defendant MSPK Construction LLC ("Defendant MSPK") to Plaintiff's predecessor-in-interest, Lima One Capital, LLC, regarding real property located at 27 Spruce Street in the City of Poughkeepsie, New York. The mortgage was given on or about December 21, 2021 in exchange for a loan in the

amount of $198,090.00. Defendants Pearce and Carela, as members and managers of Defendant MSPK, executed commercial guaranties for the loan. As set forth in the Commercial Promissory Note ("Note") evidencing the loan, the loan was repayable in monthly installments of interest only in the amount of $1,568.21 commencing February 10, 2022 and concluding with a payment due January 10, 2023. The Note further provided that the maturity date of the loan was February 1, 2023, at which time "the entire principal amount of this Note, together with accrued interest and with all other sums due hereunder, shall be due and payable in full." Pursuant to a "Loan Extension Agreement" executed April 27, 2023 and effective as of March 29, 2023, the maturity date of the loan was extended to May 1, 2023. The mortgage and Note were assigned to Plaintiff on or about May 1, 2024.

Plaintiff commenced this action on June 19, 2024, asserting a single cause of action for foreclosure of the mortgage. On September 12, 2024, Defendants filed a verified answer asserting seventeen affirmative defenses and four counterclaims: breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and deceptive and unfair trade practices in violation of General Business Law § 349. Plaintiff filed a reply to the counterclaims on September 19, 2024.

On September 30, 2024, Plaintiff moved to discontinue this action on the basis that the loan had been repaid in full. In opposition, Defendants cross-moved for summary judgment on their counterclaims. By Decision and Order dated January 30, 2025 ("1/30/25 Decision"), the Court granted Plaintiff's motion and denied Defendants' motion. Plaintiff now affirmatively moves to dismiss Defendants' four counterclaims, either for failure to state a cause of action (CPLR 3211[a][7]), or on summary judgment (CPLR 3212[b]).

### *First Counterclaim: Breach of Contract*

In the 1/30/25 Decision, the Court held that Defendants failed to meet their *prima facie* burden to demonstrate that Plaintiff breached the parties' contract. Specifically, Defendants failed to allege in their verified answer that they performed all of their obligations under the contract.

In support of its motion, Plaintiff submits an affidavit from its loan servicer attesting to Defendants' default under the contract "by failing to make the complete payment due on the May 1, 2023 maturity date." In opposition, Defendants submit an affirmation of counsel and memorandum of law, and rely on their earlier-filed verified answer. Defendants' counsel does not claim to have personal knowledge of the parties' transaction, and his affirmation is not probative on the issue of whether Defendants performed all of their contractual obligations (*Alvarez*, 68 NY2d at 320). Defendants also do not submit evidence to support their argument that additional discovery is necessary to determine whether they were, in fact, in default after May 1, 2023 (*Hanover Ins. Co. v Prakin*, 81 AD3d 778, 780 [2d Dept 2011]). As Plaintiff has submitted admissible evidence demonstrating that Defendants did not fulfill all of their contractual obligations, and Defendants have not submitted admissible evidence in rebuttal, Plaintiff is entitled to dismissal of the first counterclaim for breach of contract (CPLR 3211[a][7], 3212[b])

*Second Counterclaim: Breach of the Implied Covenant of Good Faith and Fair Dealing*

"For a complaint to state a cause of action alleging breach of an implied covenant of good faith and fair dealing, the plaintiff must allege facts which tend to show that the defendant sought to prevent performance of the contract or to withhold its benefits from the plaintiff" (*Frydman v Endurance American Insurance Co.*, 235 AD3d 848, 849 [2d Dept 2025]).

In their answer, Defendants assert that Plaintiff breached the implied covenant of good faith and fair dealing by failing to provide payoff quotes to enable a sale of the underlying property, by using the delays in the sale to charge additional fees, interest, and costs, and in filing this foreclosure action. In effect, Defendants assert that Plaintiff prevented them from repaying the loan earlier, resulting in Plaintiff being repaid "tens of thousands of dollars more than it was entitled."

All of this alleged misconduct by Plaintiff occurred after the May 1, 2023 maturity date of the loan when full repayment was due, and it is undisputed that Defendants did not repay the loan by that date. As the failure to make a payment when due constitutes a material breach (*e.g.*, *Fifty States Management Corp. v. Pioneer Auto Parks, Inc.*, 46 NY2d 573, 575 [1979]), Plaintiff's alleged misconduct occurring after May 1, 2023 cannot be the basis for a claim for breach of the implied covenant of good faith and fair dealing, or any other contractual claim (*EXRP 14 Holdings LLC v LS-14 Ave LLC*, 228 AD3d 498, 499 [1st Dept 2024]). Defendants' second counterclaim therefore fails to state a cause of action and must be dismissed (CPLR 3211[a][7]).

*Third Counterclaim: Unjust Enrichment*

"To recover under a theory of unjust enrichment, a litigant must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered" (*Whitfield v Law Enforcement Employees Benevolent Association*, 237 AD3d 1139, 1141 [2d Dept 2025]). However, "a cause of action predicated on a theory of implied contract or quasi-contract is not viable where there is an express agreement that governs the subject matter underlying the action" (*Gym Door Repairs, Inc. v Astoria Gen. Contr. Corp.*, 144 AD3d 1093, 1097 [2d Dept 2016] [internal quotation omitted]).

In support of its motion, Plaintiff's representative states that pursuant to the Note, the loan would accrue interest at 23% per annum following any default, late charges of 10% would be applied to missed payments, and Plaintiff could also recover "any costs, expenses, and reasonable attorneys' fees incurred" to enforce its rights under the loan documents. The representative attaches a "Loan Master Report" detailing the loan history through January 15, 2025, including the accrual of default interest, late charges, legal costs, and other charges. In opposition, Defendants do not specify in their answer which of these charges were not permitted pursuant to the parties' contract; and as discussed above, counsel's affirmation is of no probative value. Plaintiff has therefore demonstrated that the additional sums added to the loan balance after the May 1, 2023 default were contractually permissible, and Defendants failed to raise a triable issue of fact. The third counterclaim must therefore be dismissed (CPLR 3212[b]).

Page 3 of 4

_Fourth Counterclaim: Deceptive and Unfair Trade Practices in Violation of GBL § 349_

"To assert a viable claim under General Business Law ["GBL"] § 349(a), a party must plead that (1) the challenged conduct was consumer-oriented, (2) the conduct or statement was materially misleading, and (3) he or she sustained damages" (_Disa Realty, Inc. v Rao_, 137 AD3d 740, 742 [2d Dept 2016]). "[P]arties claiming the benefit of [GBL § 349] must, at the threshold, charge conduct that is consumer oriented" (_Singh v City of New York_, 40 NY3d 138, 148 [2023], _rearg denied_, 40 NY3d 975 [2023]). "This element is satisfied only when the allegedly deceptive conduct has a broad impact on consumers at large" (_Id._ [internal quotation marks omitted]).

In their answer, Defendants allege several allegedly deceptive and unfair actions directed toward them by Plaintiff. Defendants do not allege any misconduct by Plaintiff directed toward the consumers at large. The fourth cause of action therefore fails to state a claim and must be dismissed (CPLR 3211[a][7]).

Based on the foregoing it is hereby

ORDERED that Plaintiff's motion to dismiss Defendants' counterclaims is granted; and it is further

ORDERED that this action is now fully dismissed.

The foregoing constitutes the decision and order of the Court.

Dated: July    22   , 2025
Poughkeepsie, New York

ENTER:

_____
MARIA G. ROSA, J.S.C.

Pursuant to CPLR §5513, an appeal as of right must be taken within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry, except that when the appellant has served a copy of the judgment or order and written notice of its entry, the appeal must be taken within thirty days thereof.

Scanned to the E-File System only

Friedman Vartolo LLP
1325 Franklin Avenue, Suite 160
Garden City, NY 11530

Harris Beach Murtha Cullina PLLC
677 Broadway, Suite 1101
Albany, NY 12207