◼ MARTIN DAVIDOVITS, Appellant, v DE JESUS REALTY CORP., Respondent. — In an action for specific performance of a real estate contract, plaintiff appeals from an order of the Supreme Court, Kings County (Kartell, J.), dated October

24, 1983, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint and canceled and discharged plaintiff's notice of pendency. ¶ Order reversed, with costs, defendant's motion denied, notice of pendency reinstated, and case remitted to the Supreme Court, Kings County, for further proceedings consistent herewith. ¶ There is sufficient evidence in the record to indicate the possibility that defendant's president may have signed the contract of sale which plaintiff was seeking to specifically enforce. Although some of the terms of said contract, most notably the clause relating to the amount and payment of the purchase price, are, as Special Term observed, "peculiar", the parties should have been permitted to introduce parol evidence to explain any apparent ambiguities in connection therewith (see *Boyajian v Casey,* 52 AD2d 1014). ¶ The contract of sale, when read as a whole, does not appear to be so one sided or unreasonable as to be unconscionable under the circumstances existing at the time of the making of the contract (see *Blake v Biscardi,* 62 AD2d 975). On the other hand, defendant's president's first language is Spanish, and he appears to have had only a ninth grade education. Additionally, he did not have his own attorney present during the negotiation and execution of the contract. ¶ Where there is doubt, as in the case at bar, as to whether a contract is fraught with elements of unconscionability, there must be a hearing where the parties have an opportunity to present evidence with regard to the circumstances of the signing of the contract, and the disputed terms' setting, purpose and effect (*State of New York v Wolowitz,* 96 AD2d 47, 68-69). ¶ Similarly, there should have been a hearing on the issue of whether plaintiff and his counsel engaged in overreaching, fraud and undue influence at the contract closing. There is evidence that defendant was advised several times at the closing that he should have his own attorney present, to which he allegedly responded that "the deal was firm" and "he did not need an attorney". However, there is other evidence that defendant indicated his desire for counsel of his choosing to be present. Special Term implied that there may have been dual representation by plaintiff's attorney. Without the benefit of a hearing during which witnesses' credibility can be assessed, there appears to be nothing in the record to definitively show whether defendant's president voluntarily agreed not to have independent counsel at the closing or whether he had been misled and taken advantage of by plaintiff. ¶ Finally, plaintiff's notice of pendency should be reinstated in light of the continuation of his action for specific performance (CPLR 6501). Thompson, J. P., Weinstein, Brown and Eiber, JJ., concur.