■ PATRICIA HAYES, on Behalf of Herself and All Others Similarly Situated, Appellant, v COUNTY BANK, Respondent. [811 NYS2d 741]—

In a class action commenced by the plaintiff Patricia Hayes on behalf of herself and others similarly situated, inter alia, for a judgment declaring that the arbitration provision contained in the defendant's loan documents is void and unenforceable, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated June 4, 2003, which granted the defendant's motion to compel arbitration and stay the action. Justice Covello has been substituted for former Justice Sondra Miller (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with costs.

The plaintiff obtained several small, short-term loans from the defendant, a federally-insured bank located and chartered in the state of Delaware. Each loan agreement contained an arbitration clause governed by the Federal Arbitration Act (hereinafter FAA) stating that all claims and disputes are to be resolved by binding arbitration. The Supreme Court granted

the defendant's motion to compel arbitration and stay the action.

Contrary to the defendant's contention, this appeal is not barred by section 16 (b) of the FAA (9 USC), even though the parties designated that statute to govern the arbitration agreements at issue (*see* 9 USC §§ 1-16). While the purpose of the FAA is to ensure that private arbitration agreements are enforced according to their terms (*see Volt Information Sciences, Inc. v Board of Trustees of Leland Stanford Junior Univ.*, 489 US 468, 478 [1989]; *Matter of Salvano v Merrill Lynch, Pierce, Fenner & Smith*, 85 NY2d 173, 181 [1995]), the statute creates a body of substantive law (*see Mitsubishi Motors Corp. v Soler Chrysler-Plymouth, Inc.*, 473 US 614, 625 [1985]) not affecting procedural rules applicable to state court proceedings (*see Volt Information Sciences, Inc. v Board of Trustees of Leland Stanford Junior Univ., supra* at 477 n 6; *Southland Corp. v Keating*, 465 US 1, 16 n 10 [1984]). Congress did not clearly manifest the intent to preempt state court rules of appealability (*see Johnson v Fankell*, 520 US 911, 922 [1997]; *California Div. of Labor Standards Enforcement v Dillingham Constr., N.A., Inc.*, 519 US 316, 325 [1997]; *Howlett v Rose*, 496 US 356, 372 [1990]). The state appealability rules are also not impliedly preempted, since they neither invalidate the arbitration agreements at issue nor impose unique obstacles to their enforcement (*see Doctor's Associates, Inc. v Casarotto*, 517 US 681, 687 [1996]; *Allied-Bruce Terminix Cos. v Dobson*, 513 US 265 [1995]).

The Supreme Court correctly determined that the arbitration agreements at issue are valid and enforceable (*see* 9 USC § 2). While the FAA preempts state law on the subject of the enforceability of arbitration agreements (*see Fletcher v Kidder, Peabody & Co.*, 81 NY2d 623, 630 [1993], *cert denied* 510 US 993 [1993]), a state court may assess the enforceability of such agreements in the same manner as it construes the validity of contracts generally, without contravening the FAA (*see* 9 USC § 2; *Doctor's Associates, Inc. v Casarotto, supra* at 687; *Perry v Thomas*, 482 US 483, 492 n 9 [1987]). The plaintiff contends that the arbitration agreements are procedurally and substantively unconscionable and therefore unenforceable (*see Gillman v Chase Manhattan Bank*, 73 NY2d 1, 10 [1988]; *State of New York v Wolowitz*, 96 AD2d 47, 68 [1983]). However, the evidence in the record does not establish procedural unconscionability with regard to the arbitration agreements within the loan documents signed by this plaintiff. The plaintiff set forth no evidence regarding her education, financial status, access to legal counsel, or the

availability of other banks or lending institutions (*see Gillman v Chase Manhattan Bank, supra* at 11; *Davidovits v De Jesus Realty Corp.*, 100 AD2d 924 [1984]; *Matter of Friedman*, 64 AD2d 70, 87 [1978]). Furthermore, the fact that the arbitration agreements effectively preclude her from pursuing a class action does not alone render them substantively unconscionable (*see Ranieri v Bell Atl. Mobile*, 304 AD2d 353 [2003]; *Harris v Shearson Hayden Stone*, 82 AD2d 87 [1981], *affd* 56 NY2d 627 [1982]).

Contrary to the plaintiff's contention, there is no public policy prohibiting arbitration of the particular claims involved in this action (*see Gillman v Chase Manhattan Bank, supra* at 26; *Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d 1, 6 [2002]; *Fletcher v Kidder, supra* at 623; *Singer v Jefferies & Co.*, 78 NY2d 76, 83 [1991]; *Brower v Gateway 2000*, 246 AD2d 246 [1998]). The arbitration agreements at issue are broad and easily encompass the claims asserted by the plaintiff herein (*see Matter of Marlene Indus. Corp. [Carnac Textiles]*, 45 NY2d 327, 333-334 [1978]; *cf. Grovesteen v New York State Pub. Empls. Fedn., AFL-CIO*, 265 AD2d 784 [1999]; *Crespo v 160 W. End Ave. Owners Corp.*, 253 AD2d 28 [1999]).

The plaintiff further contends that the loan agreements are void ab initio. Given the breadth of the subject arbitration clause, however, we find that the legality of the underlying loan agreements is an issue for the arbitrator, not the court, to decide (*see Matter of Weinrott [Carp]*, 32 NY2d 190 [1973]; *cf. Jenkins v First Am. Cash Advance of Ga., LLC*, 400 F3d 868, 880-882 [2005]).

The plaintiff's remaining contentions are without merit. Ritter, J.P., Goldstein, Fisher and Covello, JJ., concur.