*680 The plaintiff commenced this action to recover damages for alleged violations of Vehicle and Traffic Law § 417-a and General Business Law § 349 in connection with her purchase of a pre-owned Jeep Wrangler, model year 2008, from the defendant, Major Chrysler Jeep Dodge, Inc. The plaintiff alleged, among other things, that when she purchased the subject vehicle on September 25, 2008, the defendant failed to inform her that the vehicle had been repurchased by the manufacturer for failure to conform to its warranty. The defendant moved for summary judgment dismissing the complaint, asserting, among other things, that the requisite disclosures regarding the history of the vehicle had been properly made to the plaintiff. The plaintiff cross-moved for summary judgment on the issue of liability, asserting, among other things, that the defendant failed to comply with the disclosure requirements set forth in Vehicle and Traffic Law § 417-a and 15 NYCRR 78.13 (h), and that the defendant’s failure to accurately report the purchase price of the subject vehicle to the appropriate tax authorities constituted a violation of General Business Law § 349. The Supreme Court denied both the motion and the cross motion.
Vehicle and Traffic Law § 417-a (2) provides, in relevant part, that, “upon the sale or transfer of title by a manufacturer, its agent or any dealer of any second-hand motor vehicle, previously returned to a manufacturer or dealer for nonconformity to its warranty or after final determination, adjudication or settlement pursuant to section one hundred ninety-eight-a or one hundred ninety-eight-b of the general business law, the manufacturer or dealer shall execute and deliver to the buyer an instrument in writing in a form prescribed by the commissioner setting forth the following information in ten point, all capital type: IMPORTANT: THIS VEHICLE WAS RETURNED TO THE MANUFACTURER OR DEALER BECAUSE IT DID NOT CONFORM TO ITS WARRANTY AND THE DEFECT OR CONDITION WAS NOT FIXED WITHIN A REASONABLE TIME AS PROVIDED BY NEW YORK LAW’ ” Pursuant to 15 NYCRR 78.13, this statement “shall be given to the prospective purchaser to read and keep prior to his [or her] signing a contract or making a deposit for the vehicle” (15 NYCRR 78.13 [h] [2] [emphasis added]). A buyer injured by a violation of Vehicle and Traffic Law § 417-a may bring an action to recover damages (see Vehicle and Traffic Law § 417-a [4]).
*681 In support of its motion for summary judgment dismissing the complaint, the defendant submitted a copy of the motor vehicle retail installment contract indicating that the plaintiff signed an agreement to purchase the vehicle on September 25, 2008. The defendant also submitted two disclosure forms purportedly signed by the plaintiff on September 27, 2008, one of which informed her that the vehicle had been repurchased by the manufacturer or dealer for failure to conform to its warranty. As this evidence demonstrated that the plaintiff signed the motor vehicle retail installment contract before receiving either of the disclosure statements, the defendant failed to make a prima facie showing that it was entitled to judgment as a matter of law dismissing the cause of action premised upon a violation of Vehicle and Traffic Law § 417-a, since the evidence did not show that the defendant complied with the requirements of Vehicle and Traffic Law § 417-a and 15 NYCRR 78.13 (h) (2). Accordingly, the Supreme Court properly denied that branch of the defendant’s motion which was for summary judgment dismissing the cause of action alleging a violation of Vehicle and Traffic Law § 417-a.
Since the plaintiff submitted the same evidence in support of her cross motion for summary judgment, she made a prima facie showing of her entitlement to judgment as a matter of law on the issue of liability on her cause of action alleging a violation of Vehicle and Traffic Law § 417-a. In opposition, the defendant failed to raise a triable issue of fact as to whether it timely provided the plaintiff with the requisite disclosures under Vehicle and Traffic Law § 417-a and 15 NYCRR 78.13 (h). Instead, in response to the affidavits of the plaintiff and her husband averring that the subject vehicle was purchased on September 25, 2008, prior to the receipt of any statutorily mandated disclosure statement, which were supported by the documentary evidence, the defendant did not present any affidavit from a person with personal knowledge who sold the subject vehicle to the plaintiff, witnessed her execute the contract of sale, and delivered the disclosures to her (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court should have granted that branch of the plaintiffs cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Vehicle and Traffic Law § 417-a.
General Business Law § 349 “declares as unlawful ‘[deceptive acts and practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state,’ with *682 no further elaboration of the prohibited conduct” (Oswego Laborers’ Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 24 [1995], quoting General Business Law § 349 [a]). A private action to recover damages under General Business Law § 349 “must be predicated on a deceptive act or practice that is ‘consumer oriented’ ” (Gaidon v Guardian Life Ins. Co. of Am., 94 NY2d 330, 344 [1999], quoting Oswego Laborers’ Local 214 Pension Fund v Marine Midland Bank, 85 NY2d at 25; see Shaw v Club Mgrs. Assn, of Am., Inc., 84 AD3d 928, 929 [2011]). In addition to showing that the conduct was consumer oriented, “[a] prima facie case requires ... a showing that [the] defendant is engaging in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof” (Oswego Laborers’ Local 214 Pension Fund v Marine Midland Bank, 85 NY2d at 25).
Contrary to the defendant’s contention, it failed to establish its prima facie entitlement to judgment as a matter of law by showing that it did not engage in an act or practice that was deceptive or misleading in a material way when it failed to disclose that the vehicle had previously been repurchased by the manufacturer for failure to conform to its warranty prior to the plaintiff signing the contract agreeing to purchase the vehicle (see Anthony J. Demarco, Jr., P.C. v Bay Ridge Car World, 169 AD2d 808 [1991]). Accordingly, the Supreme Court properly denied that branch of the defendant’s motion which was for summary judgment dismissing the cause of action alleging a violation of General Business Law § 349, regardless of the sufficiency of the plaintiff’s opposition papers on that issue (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
In support of her cross motion for summary judgment on the issue of liability on this same cause of action, the plaintiff contended that the defendant’s failure to accurately report the purchase price of the vehicle to the appropriate tax authorities after completion of the sale entitled her to judgment as a matter of law. The argument advanced by the plaintiff is without merit. Under-reporting the purchase price is not actionable under General Business Law § 349, as it was not predicated upon an act or practice that was misleading in a material way, or an act or practice that was consumer oriented (see Oswego Laborers’ Local 214 Pension Fund v Marine Midland Bank, 85 NY2d at 25; Maple House, Inc. v Alfred F. Cypes & Co., Inc., 80 AD3d 672, 673 [2011]). Accordingly, the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law on the cause of action alleging a violation of General Business Law § 349, and the Supreme Court properly denied that branch *683 of the plaintiffs cross motion which was for summary judgment on the issue of liability on that cause of action.
In light of our determination, we need not reach the parties’ remaining contentions. Dillon, J.P., Leventhal, Hall and Austin, JJ., concur.