■ JEROME DAVID et al., Appellants, v #1 MARKETING SERVICE, INC., et al., Respondents, et al., Defendants. [979 NYS2d 375]—

The defendants #1 Marketing Service, Inc., RYB Realty, LLC, Top of the Hob, Inc., 85 M.A., Inc., Yury Baumblit, Rimma Baumblit, and Elita Gershengorn (hereinafter collectively the respondents) are the operators of several three-quarter houses in Brooklyn and Queens. According to the complaint, the operation of three-quarter houses is a rapidly growing and highly profitable industry, which involves recruiting people with disabilities and histories of substances abuse, as well as those living in shelters or re-entering the community after serving time in prison or jail, to join housing programs which purportedly offer supportive services. Also according to the complaint,

residents of three-quarter houses commit their personal incomes or housing allowances to the operators of these three-quarter houses, only to find themselves living in abject and overcrowded conditions with no support services on site.

The plaintiffs, who are current and former residents of the respondents' three-quarter houses, commenced this action alleging five causes of action. In the first cause of action, the plaintiffs alleged that the respondents engaged in deceptive business practices in violation of General Business Law § 349; in the second cause of action, the plaintiffs alleged that the respondents deceptively induced them into signing unconscionable contracts of adhesion; in the third cause of action, the plaintiffs alleged that the respondents harassed and unlawfully evicted them in violation of the Administrative Code of the City of New York (hereinafter the Administrative Code); in the fourth cause of action, the plaintiffs alleged that the respondents violated the Rent Stabilization Code; and in the fifth cause of action, the plaintiffs alleged unjust enrichment.

Contrary to the plaintiffs' contention, the Supreme Court properly directed dismissal of the fourth cause of action, which alleged violations of the Rent Stabilization Code, insofar as asserted against the respondents. The respondents established, as a matter of law, that the plaintiffs are licensees, rather than tenants, and as such, the plaintiffs are not entitled to the protections of the Rent Stabilization Code (*see generally* 9 NYCRR 2520.6 [d]).

The Supreme Court should have denied that branch of the respondents' motion which was for summary judgment dismissing the first cause of action insofar as asserted against them. General Business Law § 349 "declares as unlawful '[d]eceptive acts and practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state,' with no further elaboration of the prohibited conduct" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 24 [1995]). "A private action to recover damages under General Business Law § 349 must be predicated on a deceptive act or practice that is consumer oriented" (*Harmon v Major Chrysler Jeep Dodge, Inc.*, 101 AD3d 679, 682 [2012] [internal quotation marks omitted]). In addition to showing that the conduct was consumer oriented, "[a] prima facie case requires . . . a showing that [the] defendant is engaging in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d at 25). "Whether a representation or an omission, the

test is whether the allegedly deceptive practice is 'likely to mislead a reasonable consumer acting reasonably under the circumstances' " (*Wilner v Allstate Ins. Co.*, 71 AD3d 155, 165 [2010], quoting *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d at 26).

Here, the respondents failed to establish their prima facie entitlement to judgment as a matter of law by showing that they did not engage in acts or practices that were deceptive or misleading in a material way when they recruited the plaintiffs to move into their houses. Accordingly, the Supreme Court should have denied that branch of the respondents' motion which was for summary judgment dismissing the first cause of action insofar as asserted against them, regardless of the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court also should have denied that branch of the respondents' motion which was for summary judgment dismissing the second cause of action insofar as asserted against them. " 'A contract of adhesion contains terms that are unfair and nonnegotiable and arises from a disparity of bargaining power or oppressive tactics' " (*Molino v Sagamore*, 105 AD3d 922, 923 [2013], quoting *Matter of Love'M Sheltering, Inc. v County of Suffolk*, 33 AD3d 923, 924 [2006]). " 'A determination of unconscionability generally requires a showing that the contract was both procedurally and substantively unconscionable when made' " (*Simar Holding Corp. v GSC*, 87 AD3d 688, 689 [2011], quoting *Gillman v Chase Manhattan Bank*, 73 NY2d 1, 10 [1988]).

"In determining the conscionability of a contract, no set weight is to be given any one factor; each case must be decided on its own facts" (*State of New York v Wolowitz*, 96 AD2d 47, 68 [1983]). "However, [in general, it can be said that] procedural and substantive unconscionability operate on a sliding scale; the more questionable the meaningfulness of choice, the less imbalance in a contract's terms should be tolerated and vice versa" (*Simar Holding Corp. v GSC*, 87 AD3d at 690 [internal quotation marks omitted]). " 'The determination of unconscionability is a matter of law for the court to decide' " (*id.*, quoting *Industralease Automated & Scientific Equip. Corp. v R. M. E. Enters.*, 58 AD2d 482, 488 [1977]). " 'Where there is doubt . . . as to whether a contract is fraught with elements of unconscionability, there must be a hearing where the parties have an opportunity to present evidence with regard to the circumstances of the signing of the contract, and the disputed terms' setting, purpose and effect' " (*Simar Holding Corp. v GSC*, 87 AD3d at

690, quoting *Davidovits v De Jesus Realty Corp.*, 100 AD2d 924, 925 [1984]). " 'However, [w]here the significant facts germane to the unconscionability issue are essentially undisputed, the court may determine the issue without a hearing' " (*Simar Holding Corp. v GSC*, 87 AD3d at 690, quoting *Scott v Palermo*, 233 AD2d 869, 870 [1996]). "Thus, on a motion for summary judgment, '[t]he question . . . then is whether the record presents an issue as to the existence of unconscionability which should not be resolved without a hearing' " (*Simar Holding Corp. v GSC*, 87 AD3d at 690, quoting *State of New York v Wolowitz*, 96 AD2d at 69).

Here, the respondents established their prima facie entitlement to judgment as a matter of law dismissing the second cause of action insofar as asserted against them by submitting proof that the subject agreements were not procedurally or substantively unconscionable. In opposition, the plaintiffs submitted, inter alia, affidavits of residents who signed the agreements in question and who stated that they signed the subject agreements under conditions that were procedurally unconscionable. Under these circumstances, a hearing was warranted on the issue of unconscionability, and as such, summary judgment should have been denied (*see Simar Holding Corp. v GSC*, 87 AD3d at 690).

The Supreme Court should have denied that branch of the respondents' motion which was for summary judgment dismissing the third cause of action insofar as asserted against them. Administrative Code of the City of New York § 27-2005 (d), relating to harassment, provides that "[t]he owner of a dwelling shall not harass any tenants or persons lawfully entitled to occupancy of such dwelling" (*see* Administrative Code of City of NY § 27-2005 [d]). Administrative Code § 26-521, relating to unlawful eviction, prohibits the eviction of an occupant who has lawfully occupied a dwelling for more than 30 days by, inter alia, force (*see* Administrative Code of City of NY § 26-521).

Here, the respondents established their prima facie entitlement to judgment as a matter of law dismissing the third cause of action insofar as asserted against them by submitting affidavits of residents who stated that they had never experienced or witnessed any harassment or unlawful evictions. In opposition, the plaintiffs raised a triable issue of fact by submitting affidavits of residents who stated that they had, in fact, experienced and witnessed the respondents engaging in harassment and performing unlawful evictions.

The Supreme Court should have denied that branch of the respondents' motion which was for summary judgment dismiss-

ing the fifth cause of action insofar as asserted against them. A "cause of action alleging unjust enrichment . . . requires proof that (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (*Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d 216, 223 [2011]).

The respondents established their prima facie entitlement to judgment as a matter of law by submitting proof that it would not be against equity or good conscience to allow them to keep the monthly payments they received from the plaintiffs. In opposition, the plaintiffs raised a triable issue of fact by submitting the affidavits of residents who stated that they assigned their public benefits to the respondents each month, but they were living in substandard conditions and were not receiving the services that had been promised.

The respondents' remaining contentions are without merit. Eng, P.J., Dillon, Sgroi and Miller, JJ., concur.