[9 NYS3d 522]

JOSE GONCALVES, Appellant, v SOHO VILLAGE REALTY, INC., et al., Respondents.

Supreme Court, Appellate Term, First Department, March 16, 2015

## APPEARANCES OF COUNSEL

*Sokolski & Zekaria, P.C.*, New York City (*Robert E. Sokolski* of counsel), for appellant.

*Belkin Burden Wenig & Goldman, LLP*, New York City (*Magda L. Cruz* of counsel), for respondents.

## OPINION OF THE COURT

Per Curiam.

Order, dated June 10, 2014, reversed, with $10 costs, motion denied, petition reinstated and matter remanded to Civil Court for further proceedings.

Respondents' postanswer motion to dismiss the illegal lockout proceeding based on documentary evidence (CPLR 3211 [a] [1]) should have been denied as untimely (*see* CPLR 3211 [e]; *Masada Universal Corp. v Goodman Sys. Co.*, 121 AD2d 518 [1986]; *see also Hendrickson v Philbor Motors, Inc.*, 102 AD3d 251, 257 [2012]). Further, in the absence of notice to the parties pursuant to CPLR 3211 (c), respondents' motion could not properly be treated as one seeking summary judgment dismissing the petition (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 272 [1977]). Nor, in any event, is summary resolution of this illegal lockout proceeding warranted, since the record so far developed raises several material triable issues, including whether petitioner, the son of the now-deceased rent-controlled tenant, was in actual or constructive possession of the apartment premises at the time of the alleged lockout (*see* RPAPL 713 [10]; *Banks v 508 Columbus Props.*, 8 Misc 3d 135[A], 2005 NY Slip Op 51189[U] [App Term, 1st Dept 2005]).

Contrary to the view expressed below, petitioner's right to maintain this forcible entry and detainer summary proceeding was not dependent upon the number of "consecutive" days he may have resided in the apartment premises prior to the tenant's death (*see* RPAPL 713 [10]; 721 [4]). Although "possession for thirty consecutive days or longer" is a relevant construct in determining whether a landlord-tenant relationship exists in connection with certain limited classes of occupants (*see* RPAPL 711), it plays no part at all in determining whether a particular forcible entry proceeding is properly maintainable (*see generally Dixon v Fanny Grunberg & Assoc.*,

*LLC*, 4 Misc 3d 139[A], 2004 NY Slip Op 50943[U] [App Term, 1st Dept 2004]; *Markun v Weckstein*, 100 Misc 668, 670 [App Term, 1st Dept 1917]).

In reinstating the petition, we express no view as to the ultimate outcome of petitioner's restoration claim. While respondents, during the informal proceedings held below, pointed to some factors tending to refute petitioner's possessory claim, proper resolution of the threshold possessory issues raised herein cannot be resolved on this cold, limited record but must await a plenary hearing. Nor do we have occasion to address the bona fides of any succession claim that petitioner may seek to pursue at another time and in another forum.

LOWE, III, P.J., SHULMAN and HUNTER, JR., JJ., concur.