Rodriguez v HUB BK, LLC (2025 NY Slip Op 25167)

[*1]

Rodriguez v HUB BK, LLC

2025 NY Slip Op 25167

Decided on July 18, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on July 18, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2022-984 K C

Joan Rodriguez, Appellant,
against
HUB BK, LLC, Respondent. 

Brooklyn Legal Services (Samar Katnani of counsel), for appellant.
Belkin, Burden & Goldman, LLP (Magda L. Cruz, Martin Meltzer, Michael Nesheiwat and Paul Alessandri of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County (Kimberly Slade, J.), entered November 21, 2022. The final judgment, after a nonjury trial, dismissed the petition in an illegal lockout summary proceeding.

ORDERED that the final judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a final judgment of possession in favor of occupant.
Occupant commenced this illegal lockout proceeding (see RPAPL 713 [10]) after landlord changed the locks to the premises upon the death of one of the tenants of record and the surrender by the sister of the other tenant, pursuant to a power of attorney executed by that tenant. It is undisputed that occupant resided in the subject apartment for several years with the deceased tenant and up until occupant was locked out, although the parties do not agree regarding the relationship between occupant and the tenants. After a nonjury trial at which occupant appeared pro se and landlord appeared by counsel but did not produce any witnesses, the Civil Court found that it would be futile to restore occupant to possession, as she had not demonstrated any possessory rights to the subject premises, and dismissed the petition, citing Andrews v Acacia Network (59 Misc 3d 10 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). Occupant appeals from a final judgment of the Civil Court (Kimberly Slade, J.) entered November 21, 2022 dismissing the petition.
As of the enactment of the Housing Stability and Tenant Protection Act of 2019 ([HSTPA], L 2019, ch 36), which applies to this proceeding, "[n]o tenant or lawful occupant of a dwelling or housing accommodation shall be removed from possession except in a special proceeding" (RPAPL 711 [emphasis added]). Thus, a "lawful occupant" is statutorily among those considered to be "in possession" of the premises for purposes of removal therefrom in a summary proceeding pursuant to RPAPL Article 7, and such person cannot be removed from [*2]possession by self-help. While "lawful occupant" is not defined, RPAPL 713 permits a special proceeding to be maintained against a number of categories of occupants under specified circumstances, including, but not limited to, a licensee (see RPAPL 713 [7]), where the entry into possession was lawful. The only type of occupant specifically excluded from the protections of RPAPL 711 is a squatter—an unlawful occupant. It follows that a "lawful occupant" must be permitted to maintain a summary proceeding under RPAPL 713 (10) (cf. RPAPL 768 [1] [b]). Contrary to the Civil Court's decision, futility is no longer a consideration in proceedings commenced pursuant to RPAPL 713 (10) because a lawful occupant is now entitled to the protections afforded by a summary proceeding before being evicted, even if the occupant is ultimately not entitled to possession. To the extent this court has held to the contrary, those cases should no longer be followed. 
Here, it is undisputed that occupant lived in the subject apartment with the permission of the tenants of record. Therefore, she is a lawful occupant and has standing to bring this RPAPL 713 (10) proceeding. Further, as it is undisputed that she was locked out, she must be restored.
Accordingly, the final judgment is reversed and the matter is remitted to the Civil Court for entry of a final judgment of possession in favor of occupant.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 18, 2025