Linder v Lafayette Morrison HDFC (2025 NY Slip Op 51469(U))

[*1]

Linder v Lafayette Morrison HDFC

2025 NY Slip Op 51469(U)

Decided on September 18, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through September 22, 2025; it will not be published in the printed Official Reports.

Decided on September 18, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570788/25

Amin Linder, Petitioner-Respondent,
against
Lafayette Morrison HDFC, Saul Friedman and The Park Central I, LLC Respondents-Appellants.

Respondents-appellants appeal from an order of the Civil Court of the City of New York, Bronx County (Elizabeth J. Tao, J.), dated February 19, 2025, which granted petitioner-respondent Amin Linder's motion for summary judgment on the limited issue of whether he was illegally locked out of the subject premises.

Per Curiam.
Order (Elizabeth J. Tao, J.), dated February 19, 2025, affirmed, without costs.
Petitioner Amin Linder (Amin) commenced this illegal lockout proceeding after the locks were changed on the apartment he occupied. Petitioner's summary judgment motion established, and it was not disputed, that Amin is the son of Harold Linder (Harold), the rent-stabilized tenant of the subject apartment. A holdover proceeding was previously commenced by landlord against Harold, as tenant, and Amin, as subtenant, based upon Harold's failure to sign a renewal lease. Harold died while that proceeding was pending and Amin then asserted a claim for succession rights. However, pursuant to an order dated January 17, 2025, the Court dismissed that proceeding as a result of Harold's death, noting that the dismissal is "without prejudice" to landlord's right "to commence a licensee holdover proceeding against [Amin]." Approximately 10 days later, Amin was locked out of the apartment.
On these undisputed facts, summary judgment was correctly granted to Amin. The prior holdover petition essentially acknowledges Amin's occupancy in the apartment with his father, and respondents were aware that Amin was asserting succession rights following his father's death (see Dixon v Fanny Grunberg & Assoc., LLC, 4 Misc 3d 139[A], 2004 NY Slip Op 50943[U] [App Term, 1st Dept 2004]). Therefore, Amin could not be evicted without legal process since he was either a "lawful occupant" of the apartment (RPAPL 711; see Rodriguez v HUB BK, LLC, — Misc 3d —, 2025 NY Slip Op 25167 [App Term, 2d Dept, 11th & 13th Jud Dists 2025]), or in at least constructive possession at the time of the lockout (see Hui Zhen Wei v 259 E. Broadway Assoc. LLC, 57 Misc 3d 136[A], 2017 NY Slip Op 51277[U] [App Term, 1st Dept 2017]; Goncalves v Soho Vil. Realty, Inc., 47 Misc 3d 76 [App Term, 1st Dept 2015]).
Respondents' contention that respondents Lafayette Morrison HDFC and Saul Friedman are not proper parties to this proceeding is raised for the first time on appeal and therefore unpreserved for appellate review (see Torres v Board of Educ. of the City of NY, 175 AD3d 1584, 1586 [2019]).
We have considered respondents-appellants remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: September 18, 2025